IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOBIAS TERRELL SEASTRONG, 13182-078, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-2198-G |
| | ) | ECF |
| WARDEN D. BERKEBILE, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I.  Factual background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution in Seagoville, Texas.

On February 2, 2006, Petitioner was arrested by local law enforcement officers in Lewisville, Texas, for possession of marijuana and driving with an invalid license.  Petitioner remained in state custody until March 21, 2006, when he was temporarily transferred to the United States Marshals Service ("USMS") to face federal charges in the Eastern District of Texas.

In the Eastern District of Texas Petitioner pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  On November 29,

2006, the Court sentenced him to five years confinement and four years supervised release.

On December 5, 2006, the USMS returned Petitioner to local law enforcement officials in Denton County, Texas, and lodged a detainer.  On December 8, 2006, Petitioner was sentenced in Texas state court to two concurrent 100-day terms of imprisonment for Possession of Marijuana and Driving While License Invalid.

On June 21, 2007, Petitioner was transferred from state custody into custody of the USMS to begin serving his federal sentence.  Petitioner argues he was insufficiently credited on his federal sentence for the back-time he served in state court.  He also argues the BOP should have run his federal sentence concurrently with his state sentence.  On January 20, 2009, Respondent filed its response.  Petitioner did not file a reply.  The Court now finds the petition should be GRANTED in part and DENIED in part.

## II.  Discussion

Petitioner argues he was insufficiently credited on his federal sentence for the time he spent in state jail.  Title 18 U.S.C. § 3585(b) governs time credits for prior custody.  The statute states:

> Credit for prior custody – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1)   as a result of the offense for which the sentence was imposed; or
>
> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

In this case, Petitioner was in state custody from February 2, 2006, until June 20, 2007, a

total of 504 days.  *See* TEX. CODE CRIM. PROC. 42.03, Sec. 2(a) ("In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause . . . from the time of his arrest and confinement until his sentence by the trial court.").  The state credited Petitioner with 100 days towards his state sentences, plus another five days to satisfy court costs.  *See* TEX. CODE CRIM. PROC. 43.09 (stating that fines and court costs may be discharged by serving jail time).  Subtracting 105 days from 504 days, Petitioner was entitled to 399 days of credit towards his federal sentence.  The BOP credited Petitioner with only 398 days of back-time.  (*See* Resp'ts Appendix 14).  Petitioner should be GRANTED one additional day towards his federal sentence.

Additionally, Petitioner argues his federal sentence should have run concurrently with his state sentence.  Title 18 U.S.C. § 3584 allows federal courts the discretion to order a federal term of imprisonment to run concurrently with a yet-to-be-imposed state sentence.  The statute reads in pertinent part:

> (a) Imposition of concurrent or consecutive terms. – If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584.

In this case, Petitioner was subject to two terms of imprisonment which were imposed at different times.  The statute requires the BOP to run the two terms consecutively unless the federal court orders the two terms to be served concurrently.  The federal court judgment in this

case did not order Petitioner's federal sentence to run concurrently with his state sentence. Petitioner's claim should therefore be DENIED.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be GRANTED to the extent that Petitioner be credited with one additional day towards his federal sentence. The Court further recommends that in all other respects, the petition for writ of habeas corpus be DENIED.

Signed this 10th day of August, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).